HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WING KAI TSE,

          Plaintiff,

   v.

MARK GASTON PEARCE,[1] et al.,

          Defendants.

CASE NO. C12-398RAJ

ORDER

    This matter comes before the court on a motion to dismiss by defendants Mark Gaston Pearce in his official capacity as Chairman of the National Labor Relations Board (the "Board") and Richard Ahearn in his individual and official capacity as former Regional Director of Region 19 of the Board.[2] Dkt. # 15. Defendants argue that dismissal is appropriate because the court lacks subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *Pro se* plaintiff Wing Kai Tse's response does not address defendants' legal arguments. However, plaintiff does clarify that the only issue that he does not withdraw relates to whether Region 19

---

[1] Mark Gaston Pearce has been substituted for his predecessor, Wilma B. Liebman, as Chairman of the National Labor Relations Board, pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pearce's predecessor and Ahearn are the only named defendants. Additionally, plaintiff has not sought leave to amend to name any of the Doe defendants.

ORDER- 1

mishandled his March 2009 documents that unlawfully deprived him of an opportunity to prove that his former employer committed an unfair labor practice under the National Labor Relations Act ("NLRA") by failing to comply with Article 15.2 of its collective bargaining agreement ("CBA").[3]  Dkt. # 24 at 1-2 (¶¶ 1-4).  Plaintiff appears to allege the following causes of action:  (1) racial discrimination or conspiracy to violate civil rights under 42 U.S.C. §§ 1981, 1983, 1985; (2) *Bivens* violation; (3) NLRA violation; and (4) Washington Law Against Discrimination ("WLAD") violation.[4]

**A.  Rule 12(b)(1) – Official Capacity Claims Against Pearce and Ahearn**

Federal courts are courts of limited jurisdiction and they possess only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party asserting federal jurisdiction, plaintiff, bears the burden of proving the case is properly in federal court.  *In re Ford Motor Co./Citibank (S.D.), N.A.*, 26 F.3d 952, 957 (9th Cir. 2001).

The NLRA, as originally enacted, granted the NLRB plenary authority over all aspects of unfair labor practice disputes: the Board controlled the filing, prosecution and adjudication of complaints.  *N.L.R.B. v. United Food & Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 117 (1987).  However, the LMRA altered this structure to segregate the agency's prosecutorial, nonreviewable functions from its reviewable adjudicatory functions.  *Id.* at 117-18.  As a result, Congress established the Office of General Counsel and deemed the General Counsel as the "final authority, on behalf of the Board, in respect to the investigation of charges and issuance of complaints . . . and in respect of the prosecution of such complaints before the Board."  *Id.* at 118

---

[3] The court notes that this case is remarkably similar to another case that has been dismissed by the Honorable Robert S. Lasnik brought by plaintiff's former co-worker, Siu Man Wu.  *See* Case No. C11-860RSL.

[4] The court notes that plaintiff has made some allegations about Siu Wu and Sing Ng who were co-workers of plaintiff and whose former employer failed to launder their uniforms as well.  Neither one of these individuals are plaintiffs in this matter.

(citing 29 U.S.C. § 153(d)). To the extent plaintiff's allegations purport to challenge the General Counsel's discretion in withdrawing the union's charge or dismissing plaintiff's unfair labor practice charges concerning the alleged CBA violations, this court lacks jurisdiction.[5]

Additionally, the United States and its agencies are immune from suit absent an express waiver of this immunity by Congress. *Tobar v. U.S.*, 639 F.3d 1191, 1195 (9th Cir. 2011). Thus, the Board, as a federal agency, is entitled to sovereign immunity. *N.L.R.B. v. Nash-Finch Co.*, 404 U.S. 138, 147 n.4 (1971). Here, plaintiff has not identified any relevant legal authority that indicates that Congress has waived the NLRB's immunity from suit in the circumstances presented here. Since official capacity suits are treated as suits against the governmental entity if that entity has received notice and an opportunity to respond, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), this court does not have subject matter jurisdiction over the official-capacity claims. *See Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and federal officials acting within their official capacities.").

Accordingly, the only claims left are against Ahearn in his individual capacity.

---

[5] To the extent plaintiff alleges that the General Counsel did not exercise his discretionary authority by simply refusing to act on the March 2009 documents, a court order may be obtained requiring the board to act when it arbitrarily refuses to assert jurisdiction. *NLRB v. Local Union No. 751.*, 285 F.2d 633, 638 (9th Cir. 1960). However, documents attached to plaintiff's complaint indicate that in July 2009, the Board located all the misplaced documents filed in March 2009 by plaintiff, Mr. Wu and Mr. Ng. Dkt. # 12 (Exhibits to Am. Compl. at 441a-c). Correspondence between plaintiff and the Board indicate that in June 2009, a Board employee called plaintiff at least twice to attempt to set up a meeting and explain the process for filing a charge to address the misfiled documents, but plaintiff did not return these phone calls. Dkt. 14 (Exhibits to Am. Compl. at 8040). In September 2009, the Board explained to plaintiff that the missing documents had been placed in the case file relating to the charge filed by the union against the employer that the union had pursued on behalf of plaintiff. Dkt. # 12-1 (Exhibits to Am. Compl. at 522). The documents attached to plaintiff's complaint show that the Board did not arbitrarily refuse to consider plaintiff's charge, but rather demonstrate that once the misfiling error was discovered, the Board attempted to contact plaintiff to assist him in filing a formal charge.

**B. Rule 12(b)(6) – Individual Capacity Claims against Ahearn**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). However, the complaint must indicate more than mere speculation of a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This court holds the pleadings of *pro se* complainants to less stringent standards than those of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, every complainant must demonstrate some claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The court generally may not consider material beyond the pleadings in ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, where documents are referenced extensively in the complaint, form the basis of plaintiffs' claim, or are subject to judicial notice, the court may consider those documents in the context of a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).

  1. <u>Section 1981, 1983 & 1985 claims</u>

Section 1981 prohibits discrimination in making and enforcing contracts by reason of race. 42 U.S.C. § 1981. Contrary to defendants' assertions, section 1981 does not

require state action, but also extends to private conduct. 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."); *see Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 410 U.S. 431, 439-440 (1973) (applying sections 1981 and 1982 to private conduct); *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (holding that section 1982, which like section 1981 was part of the Civil Rights Act of 1866, bars public and private discrimination). Nevertheless, Ahearn is not a private or state actor, but rather a federal actor. *See Davis-Warrant Auctioneers, J.V. v. F.D.I.C.*, 215 F.3d 1159, 1161 (10th Cir. 2000) (joining Seventh and Eleventh Circuits in holding that section 1981 does not protect against alleged discrimination under color of federal law). Additionally, plaintiff has not alleged any factual allegations to make out a plausible claim that Ahearn intentionally discriminated against him on account of his race. *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).

To state a claim under section 1983, a defendant must act under color of state law. 42 U.S.C. § 1983 ("under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia"). Although federal employees, like private individuals, can act under color of state law if they conspire or act in concert with state officials to deprive a person of his civil rights (*Billings v. U.S.*, 57 F.3d 797, 801 (9th Cir. 1995), there are no factual allegations to make out a plausible claim that Ahearn was acting under color of state law.

To state a claim under section 1985, plaintiff must allege that (1) defendant engaged in a conspiracy (2) for the purpose of depriving plaintiff of the equal protection of the laws, that (3) one or more of the conspirators took action in furtherance of the conspiracy, and that (4) plaintiff was injured or deprived of a right or privilege of citizenship. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). The second element, intent to deprive the plaintiff of equal protection of the laws, requires allegations of some

racial or class-based invidious discrimination. *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985).

Here, plaintiff has not made any factual allegations to make out a plausible claim that Ahearn entered into an agreement with another person to mishandle the March 2009 complaints, or that Ahearn had some racial or class-based animus.

### 2. *Bivens* claim

A *Bivens* claim enables a plaintiff to sue individual federal officials for damages resulting from violations of Constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392, 397 (1971). To state a *Bivens* claim, a plaintiff must allege facts showing that (1) he was deprived of a right secured by the Constitution and (2) defendant acted under color of federal law. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003) (plaintiff's complaint "sufficiently sets forth the elements of a *Bivens* claim by alleging a violation of his constitutional rights by agents acting under color of federal law.").

Here, plaintiff has not made any factual allegations that plausibly make out a constitutional violation by Ahearn.

### 3. NLRA claims

"The NLRA is enforced primarily through actions of the NLRB-private actions are available only in exceptional circumstances." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1067 (9th Cir. 2004); *see N.L.R.B. v. United Food & Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 118-19 (1987) (explaining process to resolve unfair practices complaints); *Karahalios v. Nat'l Fed'n of Fed. Emps.*, 489 U.S. 527, 534 (1989) (noting that the Supreme Court had found implicit in the NLRA a private cause of action against unions to enforce their duty of fair representation).

Plaintiff has not cited, and the court has not found, any legal authority that suggests that the NLRA provides a private action against a Board employee. Thus, plaintiff's NLRA claim against Ahearn is dismissed.

1      4.  WLAD claims

2      The Federal Employee Liability Reform and Tort Compensation Act, also called the Westfall Act, generally immunizes federal employees from suit arising from the scope of their employment.[6]  28 U.S.C. §§ 2671, 2674, 2679; *see Minneci v. Pollard*, 132 S.Ct. 617, 623 (2012) (citing *Osborn v. Haley*, 549 U.S. 225, 238, 241 (2007) for the proposition that the Westfall Act immunizes federal employees through removal and substitution of United States as defendant).  Thus, plaintiff's claims against Ahearn under the WLAD must be dismissed. *See Wu v. Pearce*, Case No. C11-860RSL, 2012 WL 2891184, *1 (W.D. Wash. 2012); *Vega v. U.S.*, Case No. C11-632 RSM, 2011 WL 6014853, *9 (W.D. Wash. 2011).

**C. Conclusion**

For all the foregoing reasons, the court GRANTS defendants' motion to dismiss.

Dated this 30th day of May, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[6] A federal employee may be sued under the Westfall Act for violations of the United States Constitution or federal statute if such an action against an individual is otherwise authorized.  28 U.S.C. § 2679(b)(2).  However, plaintiff has not made any factual allegations that plausibly make out a constitutional violation or violation of a federal statute.